# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-02290-RMR-SBP

LURA HUBER, individually and on behalf of all others similarly situated,

     Plaintiff,

v.

INTERMOUNTAIN HEALTH CARE, INC.,
SCL HEALTH PARTNERS, LLC, and
SISTERS OF CHARITY OF LEAVENWORTH HEALTH SYSTEM, INC.,

     Defendants,

---

## ORDER

---

**Susan Prose, United States Magistrate Judge**

This matter comes before the court on Plaintiff's Motion to Appoint Counsel Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure (the "Motion," ECF No. 42). The Motion was referred to the undersigned United States Magistrate Judge for disposition pursuant to 28 U.S.C. § 636(b)(1)(A), the Order of Reference (ECF No. 26), and the Order Referring Motion (ECF No. 43). Plaintiff Lura Huber requests that the court appoint Brandt P. Milstein and Andrew H. Turner of Milstein Turner PLLC, Matthew Scott Parmet of Parmet Law PC, and Don J. Foty of Foty Law Group (collectively, "Plaintiff's Counsel") as Interim Class Counsel. Defendants do not oppose this Motion. *See* ECF No. 42 at 1 n.1 (representing that "Defendants do not oppose

this motion"). For the reasons set forth below, the Motion is respectfully **GRANTED**.[1]

BACKGROUND

Plaintiff Lura Huber is a former hourly, non-exempt employee of Defendants in
Colorado, having worked at St. Mary's Regional Hospital in Grand Junction, Colorado, from
approximately September 2018 to August 2024. ECF No. 56 ¶¶ 15–16, 47–49. Plaintiff initiated
this putative class action in Jefferson County District Court, alleging that Defendants failed to
pay for time spent undergoing mandatory COVID-19 screenings before clocking in, failed to
provide required rest and meal breaks, and implemented an unlawful time-rounding policy, all in
violation of the Colorado Wage Act, C.R.S. § 8-4-101 *et seq*., the Colorado Minimum Wage Act,
Colo. Rev. Stat. § 8-6-101 *et seq*., the Colorado Overtime and Minimum Pay Standards
("COMPS") Order #39, and the Denver Civil Wage Theft Ordinance, D.R.M.C. § 58-16. ECF
No. 56 ¶¶ 3–10. Plaintiff seeks to represent a class of all current and former non-exempt hourly
employees of Defendants, excluding pharmacists, who worked in Colorado from June 12, 2019,

---

[1] In civil matters, a magistrate judge may "hear and determine any pretrial matter pending before
the court, except a motion for injunctive relief, for judgment on the pleadings, for summary
judgment, . . . *to dismiss or permit maintenance of a class action*, to dismiss for failure to state a
claim upon which relief can be granted, and to involuntarily dismiss an action." 28 U.S.C.
§ 636(b)(1)(A) (emphasis added). Accordingly, the statute contemplates that a motion to permit
maintenance of a class action—i.e., a motion to certify a class—should be subject to a Magistrate
Judge's Recommendation, rather than Order. Here, however, Plaintiff seeks appointment of
interim class counsel under Rule 23(g)(3), which provides that a court "may designate interim
counsel to act on behalf of a putative class *before determining whether to certify the action as a
class action*." Fed. R. Civ. P. 23(g)(3) (emphasis added). In other words, the appointment
of interim class counsel does not have any impact on later certification of a class. Accordingly,
this court proceeds by Order rather than Recommendation. *See In re Frontier Airlines Litig*., No.
20-cv-01153-PAB-KLM, 2020 WL 9258441, at *1 (D. Colo. Dec. 16, 2020) (Magistrate Judge
proceeding by order in granting motion under Rule 23(g)(3)).

2

until final judgment is entered. ECF No. 56 ¶ 17. Defendants removed the case to this court on

July 25, 2025, and it was subsequently assigned to the Honorable Regina M. Rodriguez and

referred to the undersigned. ECF No. 1; ECF No. 26.

This case features purported overlapping representation—non-party Fletcher Jones

sought to intervene and stay proceedings, asserting the right to represent the putative class. ECF

No. 20. Both Defendants and Plaintiff opposed that request, and on December 29, 2025, the

undersigned denied the motion to intervene. ECF No. 51.[2] Plaintiff's Counsel now seek

appointment as Interim Class Counsel to clarify responsibility for protecting the interests of the

putative class and to allow this litigation to proceed efficiently. ECF No. 42.

## ANALYSIS

Rule 23(g) of the Federal Rules of Civil Procedure governs the appointment of class

counsel. Relevant here, Rule 23(g)(3) provides that a court "may designate interim counsel to act

on behalf of a putative class before determining whether to certify the action as a class action."

Fed. R. Civ. P. 23(g)(3). Appointment of interim counsel is particularly appropriate "[w]here

various law firms represent members of overlapping proposed classes" and "may be helpful in

clarify[ing] responsibility for protecting the interests of the case during precertification issues,

such as making and responding to motions, conducting necessary discovery, moving for class

certification, and negotiating settlement." *In re Frontier Airlines Litig.*, 2020 WL 9258441, at *1

(citing Manual for Complex Litigation § 211.11 (4th ed. 2004)).

When appointing interim class counsel, courts generally look to the same factors used in

determining the adequacy of class counsel under Rule 23(g)(1)(A). *Id*. at *2; *Dorn v. Mueller*,

---

[2] Defendants' objections to that Order and Recommendation are pending. ECF No. 53.

No. 10-cv-00925-WYD-CBS, 2010 WL 2232418, at *1-2 (D. Colo. May 28, 2010). Those

factors include: (1) the work counsel has done in identifying or investigating potential claims in

the action; (2) counsel's experience in handling class actions, other complex litigation, and the

types of claims asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the

resources that counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A). The

court may also "consider any other matter pertinent to counsel's ability to fairly and adequately

represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). Upon review of these factors,

the undersigned finds that appointment of Plaintiff's Counsel as Interim Class Counsel is

appropriate.

### A. Work Performed in Identifying and Investigating Claims

The first factor weighs in favor of appointment. Plaintiff's Counsel have performed an

extensive, independent investigation and analysis of this matter since well before removal to this

court, including investigating Defendants' employment practices, conducting legal research,

drafting pleadings, and committing resources toward advancing class certification. ECF No. 42.

This is consistent with what courts in this district have found sufficient. *See Beasley v. TTEC

Servs. Corp.*, No. 22-cv-00097-PAB-NYW, 2022 WL 1719654, at *2 (D. Colo. May 27, 2022)

(finding the first factor satisfied where counsel investigated potential claims, interviewed injured

consumers, performed legal research, drafted initial pleadings, and retained experts); *Gomez v.

SSA Holdings, LLC*, No. 25-cv-03740-NYW-SBP, 2026 WL 83915, at *2 (D. Colo. Jan. 12,

2026) (finding the first factor satisfied where counsel "committed appropriate time and

resources to organizing and working together toward the advancement of the litigation,

investigating and researching the potential legal theories and claims at issue").

## B. Experience in Class Actions and Complex Litigation

The second factor weighs strongly in favor of appointment. Plaintiff's Counsel collectively have been appointed as class counsel in 61 prior Rule 23 class actions and have 76 years of combined experience representing workers in unpaid wage claims. ECF No. 42-1 at 2–34. This court has repeatedly recognized the experience of the Milstein Turner firm in wage-and-hour class litigation. *See Pliego v. Los Arcos Mexican Restaurants, Inc.*, 313 F.R.D. 117, 129 (D. Colo. 2016) (recognizing Mr. Milstein as "well-known to this court as competent counsel with vast experience in wage-related litigation" and with "extensive experience in FLSA 216(b) collective actions and Rule 23 class actions"); *Stanley v. Panorama Orthopedics & Spine Ctr., P.C.*, No. 22-cv-01176-RM-SBP, 2024 WL 4546178, at *5 (D. Colo. Oct. 7, 2024) (finding "Mr. Milstein is an experienced, skilled litigator whose representation of the class here readily satisfies the requirements of Rule 23"). Messrs. Parmet and Foty have comparable extensive experience representing workers in large and complex class actions. ECF No. 42-1 at 2–19, 24–31. Courts in this district have appointed interim class counsel exhibiting similarly strong credentials. *See Beasley*, 2022 WL 1719654, at *2; *Gomez*, 2026 WL 83915, at *2 (appointing interim co-lead class counsel where counsel had extensive class action experience and committed resources to vigorously prosecute the case).

## C. Knowledge of Applicable Law

The third factor is satisfied. Plaintiff's Counsel are well-versed in the facts and claims asserted in this action and are knowledgeable in the applicable areas of Colorado wage-and-hour law, including the Colorado Wage Act, the Colorado Minimum Wage Act, and the COMPS Order. ECF No. 42 at 2–4. Their extensive experience litigating wage-and-hour class actions in

this district confirms their knowledge of the applicable law. *See Gomez*, 2026 WL 83915, at *3

(concluding that proposed interim co-lead class counsel are "well-versed in the applicable law

and able to effectively litigate this case on behalf of Plaintiffs and the putative class

members"); *Beasley*, 2022 WL 1719654, at *2 (same).

### D.  Resources to Commit to Representing the Class

The fourth factor likewise favors appointment. Plaintiff's Counsel represent that they are

able to and will commit the resources necessary to vigorously prosecute this case, including

conducting discovery, taking depositions, performing motion practice and briefing, and

completing all other actions necessary to advance this litigation on behalf of class members. ECF

No. 42 at 4. Their firms have significant resources and a proven track record of success in

complex wage-and-hour litigation. *See Gomez*, 2026 WL 83915, at *3.

### E.  Other Pertinent Considerations

Finally, the undersigned may consider "any other matter pertinent to counsel's ability to

fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). Defendants

do not oppose this Motion. *See* ECF No. 42 at 1 n.1. Plaintiff's Counsel represent that they have

worked with Defendants' counsel in good faith and with mutual respect, and will continue to do

so. ECF No. 42 at 2–3. Courts have considered the absence of opposition as a factor supporting

appointment. *See Beasley*, 2022 WL 1719654, at *2 (noting that "Defendant has not formally

opposed Plaintiffs' request"); *Gomez*, 2026 WL 83915, at *2 (noting Defendant "takes no

position" on appointment of interim class counsel). The undersigned is satisfied that Plaintiff's

Counsel are committed to representing the interests of the putative class.

**CONCLUSION**

For the foregoing reasons, IT IS **ORDERED**[3] that:

(1) Plaintiff's Motion to Appoint Counsel Pursuant to Rule 23(g) (ECF No. 42) is

**GRANTED**; and

(2) Brandt P. Milstein and Andrew H. Turner of Milstein Turner PLLC, Matthew Scott

Parmet of Parmet Law PC, and Don J. Foty of Foty Law Group are **APPOINTED** as Interim

Class Counsel in this matter pursuant to Fed. R. Civ. P. 23(g)(3).


DATED: March 13, 2026                    BY THE COURT:

_____
Susan Prose
United States Magistrate Judge


---

[3] Rule 72 of the Federal Rules of Civil Procedure provides that within fourteen (14) days after
service of a Magistrate Judge's order or recommendation, any party may serve and file written
objections with the Clerk of the United States District Court for the District of Colorado.
28 U.S.C. §§ 636(b)(1)(A), (B); Fed. R. Civ. P. 72(a), (b). Failure to make any such objection
will result in a waiver of the right to appeal the Magistrate Judge's order or recommendation. *See
Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 783 (10th Cir. 2021) (firm waiver
rule applies to non-dispositive orders); *but see Morales-Fernandez v. INS*, 418 F.3d 1116, 1119,
1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require
review, including when a "pro se litigant has not been informed of the time period for objecting
and the consequences of failing to object").